UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLYDE LESTER MEDLOCK, §<br>TDCJID # 238063, §<br>§<br>  Petitioner, §<br>§<br>V. §<br>§<br>NATHANIEL QUARTERMAN, §<br>DIRECTOR, TEXAS DEPARTMENT OF §<br>CRIMINAL JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISIONS, §<br>§<br>  Respondent. § | CIVIL ACTION NO. 3:06-CV-1932-B |

## MEMORANDUM ORDER

Before the Court is Petitioner Clyde Lester Medlock's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (doc. 1). Having considered the pleadings on file, and for the reasons stated more fully below, the Court **DENIES** Medlock's petition for writ of habeas corpus.

## I.

## BACKGROUND[1]

On August 9, 1973, Petitioner Clyde Lester Medlock was convicted in Dallas County, Texas of two charges of rape and was sentenced to ninety-nine years imprisonment, with sentences to run concurrently. *The State of Texas v. Clyde Lester Medlock*, C73-8351-JK and C73-9164-JK. In this habeas petition, Medlock does not challenge the validity of these criminal convictions and sentences. Rather, Medlock asserts his sentence has been fully satisfied and served, and he is entitled to immediate release. Medlock's sole argument is that he has accrued enough actual calendar time-

---

[1] The facts set forth below are taken from the filings in this case and the petitioner's state criminal cases, of which the Court takes judicial notice.

served and various time credits so that his sentence is now fully satisfied and served. Medlock argues he is entitled to time credits "in the neighborhood of over 66 years, along with calendar time of over 33 years, for a total of over 100 years time credits, which will fully serve and satisfy the sentence of 99 years." (Pet.'s Reply at 5.) He specifically alleges that "[b]y applicable good time laws he is entitled to over 5 years in bonus time credits, plus he is entitled to good time credits of 3 days for each day served." (Pet.'s Brief in Support of Pet. at 2.) Because his time served and accrued credits equal more than his sentence, Medlock asserts that he is entitled to immediate release from prison. (*Id.* at 5.) He alleges the Respondent is thus violating his fundamental constitutional rights afforded by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[2]

Medlock has previously filed three state habeas applications alleging that his time credits had not been applied properly and he was entitled to immediate release. Medlock's first application for writ of habeas corpus in which he alleged that he had been denied release on parole was filed February 7, 1995. *Ex parte Medlock*, No. 28,275-01. The writ was denied on June 28, 1995. *Id.* Medlock filed two habeas applications on July 28, 2006 in which he challenged the denial of parole with regard to his two convictions. *Ex parte Medlock*, No. 28,275-02 and No. 28,275-03. These state habeas applications were denied on September 27, 2006. *Id.* This federal petition for habeas relief followed.[3] The Respondent concedes that Medlock has sufficiently exhausted his state court remedies. Because the factual predicate of Medlock's petition was thoroughly developed in the state

---

[2] Specifically, Medlock alleges his (1) right of liberty; (2) right to be free of illegal seizure by the Government; (3) right to fair judicial proceedings and to reasonable effective assistance of counsel; (4) right to be free of cruel and unusual punishment; (5) and right to due process and equal protection of the laws are being violated. In addition, he alleges that the Ex Post Facto Clause has been violated. Aside from his discussion of the time credits to which he claims he is entitled and which he claims require his immediate release, Medlock does not elaborate further on these allegations of constitutional violations.

[3] Medlock initially filed two writs on the same grounds, the other in Cause No. 3:06-cv-01933-P. The Court consolidated both cases into Cause No. 06-cv-01932-B.

court and in the pleadings before this court, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2254(e) (providing the narrow grounds on which federal courts can conduct evidentiary hearings on habeas petitions from state convictions).

## II.

## LEGAL STANDARDS

**A.    Habeas Corpus Relief**

Petitions filed in federal court by state prisoners are reviewed in light of the standards set forth in 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In order to succeed in a habeas action, a petitioner must establish that "he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Federal habeas relief is not available for rights that arise solely under the rules of state or administrative procedures. *Manning v. Blackburn*, 786 F.2d 710, 711(5th Cir. 1986). Issues of state law are not cognizable in federal habeas. *Gabel v. McCotter*, 803 F.2d 814, 815 (5th Cir. 1986).

There is no constitutional right to a prisoner's release prior to the expiration of a valid

sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has held that there is no constitutional expectancy in parole in Texas because it is "entirely speculative" whether a prisoner will be released on parole. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).[4] The decision to parole an inmate is discretionary under Texas law. *Madison*, 104 F.3d at 768. Furthermore, the Constitution "does not guarantee good time credit for satisfactory behavior while in prison." *Id.* "Good conduct time applies only to eligibility for parole or mandatory supervision . . . and shall not otherwise affect the inmates' term." *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App.–1994). Good time credit has no effect on the length of sentence imposed. *Id.* Thus, even if a petitioner is eligible for parole based on the accrual of good time credits in addition to time served, the failure to release the petitioner on parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

**B.     Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings by a person in custody pursuant to a State court judgment. Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year limitation period applicable in this case is calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas

---

[4] However, for those inmates covered by the mandatory supervision scheme for earned good-time credits, in place in Texas between August 29, 1977 and September 1, 1996, Texas has created an expectation of early release that is protected by the United States Constitution. *See Malchi*, 211 F.3d at 957-58; TEX. CODE CRIM. P. ANN. Art. 42.18 § 8(c) (1996). The mandatory supervision scheme came into effect in August 29, 1977 by Acts of the 65th Legislature and is not retroactive. TEX. CODE OF CRIM. P. ANN. Art. 42.12 § 15(b) (1977). As a pre-65th Legislature inmate, Medlock is not eligible for mandatory supervision. Therefore, he has no constitutionally protected expectation of early release on mandatory supervision.

proceedings. 28 U.S.C. § 2244(d)(2). The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

## III.

## ANALYSIS

Medlock claims that the Respondent has improperly applied the bonus and good time credits that would reduce his sentence for purposes of an early release and discharge of the sentence. The Respondent presents arguments that (1) Medlock's claim is time-barred; (2) Medlock fails to state a constitutional issue for federal review; and (3) Medlock's claim simply has no merit because he has failed to carry his burden to prove the state court's application of law was unreasonable. (Answer at 4–8.) In addition, the Respondent submits the affidavit of Terry Laskie, a Program Specialist I for the Classification and Records Division of TDCJ. According to Laskie, as of February 15, 2007, Medlock's discharge date is scheduled to be September 27, 2012.[5]

---

[5] Laskie's calculation of Petititioner's time is as follows:

> Offender Medlock was received into TDCJ custody on 2-21-1974 from Dallas County with credit allowed from 8-15-1973. Offender Medlock has a total of 33-years, 6-months and 1 day of flat time. The offender is currently a State Approved Trusty (SAT) 3A, earning a total of 50-days per month of good time, 47-years, 10-months and 18-days of good time. The offender has 2-years, 7-months and 22 days of bonus time credits; 1-month

(continued...)

Upon review of the petition and related filings, the Court concludes that Medlock is not entitled to federal habeas review because he has not asserted a constitutional violation. *See Orellana*, 65 F.3d at 31. Medlock argues that the good time credit to which he is entitled has not been properly applied, resulting in his continued imprisonment despite having "discharged" his sentence. There is no constitutional right to a prisoner's release prior to the expiration of a valid sentence; nor is there a constitutional right to good time credit. *Greenholtz*, 442 U.S. at 7; *accord Madison*, 104 F.3d at 768; *Orellana*, 65 F.3d at 31. The bonus time and good time credit to which he claims he is entitled only affects his eligibility for parole. *See Hallmark*, 883 S.W.2d at 674. Therefore, Medlock's claim that his good time credit is being improperly applied or that he is not receiving certain time credits does not present an issue of Federal law or a constitutional issue for this Court's review in this case. *See Orellana*, 65 F.3d at 31; *see also Manning*, 786 F.2d at 711 (holding federal habeas relief is not available for rights arising solely under rules of state or administrative procedures). Medlock has no constitutional entitlement to release on parole prior to the expiration of his ninety-nine year sentence. *See Malchi*, 211 F.3d at 957. Further, Medlock has presented no factual basis to indicate a violation of any of the litany of constitutional rights he claims have been violated.[6] Therefore, having considered all of Medlock's various arguments and contentions, the Court finds no constitutional violation related to his continued incarceration despite his eligibility for parole. *See Carson,* 2007 WL 136328, at *4. Accordingly, Medlock is not entitled to federal habeas relief.

---

[5](...continued)
and 29-days for completing a Windham Vocational course and 2-years, 5-months and 22-days of this time was awarded pursuant to SB 727 PMA awards and 1-month and 29-days was awarded for completing his educational/vocational course.

[6] For example, Medlock states that his equal protection rights have been violated, but does not argue any purposeful discrimination or impermissible motive in denying his release on parole. *See Carson v. Quarterman*, No. 3:06-cv-0252-B, 2007 WL 136328, at *4 (N.D. Tex. Jan. 18, 2007) (Boyle, J.).

Furthermore, upon review of the history of the case, the Court finds that Medlock's claims are time-barred. Medlock asserts he did not suspect that he had a claim until 2006, when he realized TDCJ had erroneously calculated his projected release date. (Pet.'s Response at 2.) However, on February 7, 1995, Medlock had filed a state habeas petition challenging the application of his time credits and demanding his immediate release. *Ex parte Medlock*, No. 28,275-01. Respondent argues that "Medlock raised this same time-credit claim in his first state writ, and, thus, he knew the factual predicate of the claim when he filed that writ." (Answer at 5–6.) Medlock's 1995 writ was denied. Then, on July 28, 2006, Medlock filed two subsequent state habeas applications. *Ex parte Medlock*, No. 28,275-02 and No. 28,275-03. He filed this federal petition on October 19, 2006, well over one year after Medlock discovered the factual predicate of his claims in 1995. *See* 28 U.S.C. § 2244(d)(1)(D). Medlock's petition is untimely and Medlock has made no argument that he is entitled to equitable tolling or shown any "rare and exceptional circumstances" justifying equitable tolling in this case. *See Davis*, 158 F.3d at 811; *Phillips*, 216 F.3d at 511. Therefore, on the further grounds that Medlock's claims are time-barred, relief must be denied.

## IV.

## CONCLUSION

The petition for habeas corpus relief (doc. 1) is hereby **DENIED** and the petition is **DISMISSED with prejudice**.

SO ORDERED.

SIGNED August 3, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE